**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN J. PHILLIPS, | ) CASE NO. 3:16-cv-00880-DAP |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| vs. | ) **ORDER ADOPTING REPORT** |
| | ) **AND RECOMMENDATION** |
| NEIL TURNER, | ) |
| Defendant. | ) |

Before the Court are Petitioner Phillips's Petition under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody (the "Petition"), Doc #: 1, and the Report and Recommendation (the "R & R") of Magistrate Judge Kathleen B. Burke, Doc #: 12. For the reasons discussed herein, the R & R is adopted in full.

**I. Procedural History**

On April 13, 2016, Phillips filed his Petition pursuant to 28 U.S.C. § 2254. In his Petition, Phillips raised two grounds for relief:

> GROUND ONE:
> The Appellants conviction is not supported by the record as the evidence at trial was insufficient and against the manifest weight of the evidence in violation of Petitioner's Fourteenth Amendment right of Due Process and United States Supreme Court ruling in *Jackson v Virginia*, 443 U.S.. 307, 99

>   S.Ct. 2781, 61 L.Ed.2d 560.
>
>   . . .
>
>   GROUND TWO:
>
>   The Appellants Sixth and Fourteenth Amendment rights were violated when he was sentenced to maximum consecutive sentences in contravention to Ohio Revised Code § 2929.41(A); and laws under *Apprendi v New Jersey*, 120 S.Ct. 2368 and *Blakely v Washington*, 124 S.Ct. 2531.

Petition 4, 6.

The Petition was referred to Magistrate Judge Kathleen B. Burke, who set a briefing schedule for a return of writ, traverse, and reply. Order, Doc #: 3. Ultimately, after a few extensions of time, Warden Turner filed a Return of Writ and Phillips filed a Traverse to Writ, but Turner did not file a reply. Doc ##: 9, 11.

On April 25, 2017, Magistrate Judge Burke issued her R & R recommending the Court dismiss in part and deny in part the Petition.

On May 9, 2017, Warder Turner docketed his Objection to the R & R. Doc #: 13.

On May 15, 2017, Phillips's Objection was docketed. Doc #: 14. Phillips's Objection is undated; the envelope[1] received by the Court was postmarked May 12, 2017. Phillips's attached Certificate of Service states that the Ohio Attorney General's Office was served with the Objection by U.S. Mail on May 8, 2017.

This Order follows.

## II. Legal Standard

Under the relevant statute,

>   Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court

---

[1] A copy is attached to this Order.

> shall make a de novo determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made.

28 U.S.C. § 636(b)(1); *see* LR 72.3(b). A plaintiff waives her right to review of the remaining portions of a report and recommendation to which she did not specifically object. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")

**III. Discussion**

    **A. Timeliness**

The R&R was issued on April 25, 2017. Objections were due within fourteen days: May 9, 2017. Turner's Objection was filed on May 9 and is therefore timely.

However, it is unclear whether Phillips's Objection is timely. "[T]he filing date for a prisoner's document is the actual date on which the prisoner submits his papers to prison authorities for mailing." *Wampler v. Mills*, 60 F. App'x 594, 596 (6th Cir. 2003). Here, there is no evidence regarding when Phillips submitted his papers for filing. Clearly, Phillips's Objection was submitted for mailing no earlier than May 8, 2017, when he certified he served the document to the Ohio Attorney General, and no later than May 12, when his filing was postmarked.

Because the Court cannot at this time properly determine the date on which Phillips filed his Objection, the Court will discuss Phillips's Objection assuming but without deciding that it is timely.

**B. Warden Turner's Objection**

Turner objects to the magistrate judge's observations that Turner may have waived certain procedural default defenses related to Ground Two by not raising them. R & R 16 n.5 ("Phillips did not raise this argument in the Ohio Supreme Court. The claim, therefore, may be procedurally defaulted. Respondent, however, did not assert a procedural default defense to this claim, and the defense may therefore have been waived."); R & R 16 n.6 (similar). Turner argues that these matters were raised in the Traverse but not in the Petition and, therefore, Turner had no obligation to assert any defenses.

"Generally, a traverse is an improper document in which to raise new issues that were not raised in a petitioner's original petition for federal habeas relief because it does not notify the State of the claim or allow the State an opportunity to oppose it." *Nouri v. McQuiggin*, No. 2:11-CV-11774, 2012 WL 2680819, at *3, 2012 U.S. Dist. LEXIS 93680, at *9–10 (E.D. Mich. July 6, 2012), *aff'd*, 535 F. App'x 513 (6th Cir. 2013); *McGhee v. Konteh*, No. 1: 07 CV 1408, 2008 WL 320763, at *9, 2008 U.S. Dist. LEXIS 109377, at *22 (N.D. Ohio Feb. 1, 2008); *accord Murphy v. Ohio*, 551 F.3d 485, 502 (6th Cir. 2009); *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir.2005) (a district court may decline to review a claim that a party raises for the first time in his traverse). However, where a respondent has had the opportunity to address the petitioner's assertions in a subsequent reply or sur-reply, courts will consider arguments raised in a traverse. *Stallings v. Bagley*, 561 F. Supp. 2d 821, 860 (N.D. Ohio 2008) ("[T]he Respondent here has had the opportunity to address Stallings's victim-impact assertion in the sur-reply. Thus, no prejudice has inured to the Respondent and the Court will consider Stallings's argument."); *see Taylor v. Mitchell*, 296 F. Supp. 2d 784, 798 (N.D. Ohio 2003) (similar).

Here, Turner was explicitly afforded the opportunity to file a reply to Phillips's Traverse. Order 2, Doc #: 3 ("Respondent shall have fifteen (15) days from the filing of Petitioner's Traverse to respond thereto."). However, for reasons neither apparent on the docket nor discussed in Turner's Objection, Turner did not file such a reply. Nonetheless, in the context of the magistrate judge's clear Order directing Turner to file a reply, Turner's observation that the Rules Governing 2254 cases do "not even contemplate a reply to a traverse," Turner Obj. 2, is of no moment. The magistrate judge's observation that these defenses "may have been waived" is appropriate.

Turner's objection is overruled.

**C. Phillips's Objections**

Phillips makes two broad objections. First, he objects to the conclusion that his sufficiency of the evidence claim in Ground One should be denied as meritless. Second, he objects to the conclusion that he has failed to exhaust his claim and consequently waived federal habeas review of Ground Two.

### 1. Sufficiency of the Evidence Objection

Phillips asserts that "[t]he lower courts in this case did not make a determination of the 'sufficiency' of evidence, the courts made a determination on the 'manifest of weight' to support the Petitioner's conviction." Phillips's Obj. 3. Phillips goes on to identify several elements of the crimes for which he was convicted that he believes the state did not prove beyond a reasonable doubt, asserting in part that "[t]he only evidence that was presented at trial was the suggestive line-up introduced by the state." *Id.* 4. There are two problems with this objection.

First, this objection merely repeats the argument Phillips made in his Petition and

Traverse and does not identify any issues with, or errors in, the magistrate judge's thorough analysis of the matter. R & R 12–19. The Federal Magistrates Act requires a district court to conduct a de novo review of those portions of the R & R to which an objection has been made. 28 U.S.C. § 636(b)(1). However, an Objection to an R & R is not meant to be simply a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. *Roberts v. Warden, Toledo Correctional Inst.*, No. 1:08-CV-00113, 2010 U.S. Dist. LEXIS 70683, at \*22, 2010 WL 2794246, at \*7 (S.D. Ohio Jul. 14, 2010) (citation omitted); *see Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984) ("These rules serve a clear and sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate . . . ."); *O'Brien v. Colvin*, No. CIV.A. 12-6690, 2014 WL 4632222, at \*3, 2014 U.S. Dist. LEXIS 129179, at \*7–8 (E.D. Pa. Sept. 16, 2014) (collecting cases); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."). The Court need not afford de novo review to objections which merely rehash arguments presented to and considered by the magistrate judge.

Second, notwithstanding the general nature of Phillips's objection, the Court has reviewed both the magistrate judge's decision and the record and finds Phillip's first objection is not supported by the record. For instance, with relation to his Burglary conviction, Phillips asserts that "the State failed to present evidence that the Petitioner had in fact entered the premises unauthorized and that the residence was secured." Contrary, however, in a video-recorded interview with the police—which was played for the jury at trial—Phillips "admitted that he entered Kekes' home without permission to do so and demanded that Kekes hand over his money." *State v. Phillips*, No. L–14–1061, 2015 WL 753529, at *1, 2015 Ohio App. LEXIS 587, at **4 (Ohio Ct. App. Feb. 20, 2015). "[Phillips] admitted that he entered Kekes' home without permission to do so during his interview with Detective Molnar, which was admitted into evidence at trial. During that interview, appellant indicated that he entered the home in order to secure cash so that he could purchase food." *Id.* at *3. It is entirely plausible that a rational trier of fact could believe Phillips's statements from the recorded interview (as well as other evidence presented) and could find the elements of the crimes proven beyond a reasonable doubt.

As Phillips describes no error in the magistrate judge's analysis, and this Court upon review of the record has discovered none, Phillips's first objection is overruled.

**2. Procedural Default Objection**

Phillips argues that he "has not waived federal habeas review and relief on his Fourteenth Amendment claim. . . . Petitioner has in fact exhausted his claim properly . . . ." Again, Phillips appears to reargue what has been addressed by the magistrate judge, describing his disagreement with the conclusion but identifying no specific errors. Regardless, the Court has reviewed the objection and the R & R and again finds the R & R is correct. As with Phillips's other objection,

two issues warrant discussion.

First, in addition to recommending dismissal of Ground Two on the basis of procedural default, the R & R also recommends dismissal on the basis of noncognizability. Phillips has made no objection to this recommendation. Thus, even if the Court were to sustain Phillips's objection, Ground Two would still be dismissed.

Although Phillips has not objected to dismissal on the basis of noncognizability, the Court has reviewed the analysis in the R & R and determined the magistrate judge's analysis is sound. The Supreme Court has observed that "specification of the regime for administering multiple sentences has long been considered the prerogative of state legislatures." *Oregon v. Ice*, 555 U.S. 160, 168 (2009). "All agree that a scheme making consecutive sentences the rule, and concurrent sentences the exception, encounters no Sixth Amendment shoal. To hem in States by holding that they may not equally choose to make concurrent sentences the rule, and consecutive sentences the exception, would make scant sense. Neither *Apprendi* nor our Sixth Amendment traditions compel straitjacketing the States in that manner." *Id.* at 171. Another court of this district has summarized *Ice* thus: "This Court only has jurisdiction to consider whether the alleged error violated petitioner's constitutional rights. However, the Supreme Court has made it clear that consecutive sentences may be imposed without implicating any concerns under the Sixth Amendment." *Wilkins v. Warden, Chillicothe Corr. Inst.*, No. 1:09CV781, 2010 WL 5795505, at *19, 2010 U.S. Dist. LEXIS 141099, at *54 (S.D. Ohio Sept. 2, 2010), *report and recommendation adopted*, No. 1:09-CV-00781, 2011 WL 549916, 2011 U.S. Dist. LEXIS 11932 (S.D. Ohio Feb. 8, 2011). The magistrate judge correctly concluded that Phillips's Ground Two is noncognizable.

Second, addressing the matter of procedural default to which Phillips did object, after a review of the record, the Court concludes that Ground Two is procedurally defaulted. "State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 880–81 (6th Cir. 1990) (citations omitted). Phillips, however, did not assert a constitutional claim in the state courts.

In his Traverse, Phillips describes his claim to the Ohio Supreme Court: "II: The trial court abused its discretion by sentencing the appellant to consecutive maximum sentences in violation of R.C. 2929.14(B)(2)(c)." Traverse Brief 3–4, Doc #: 11. Phillips's Traverse description is consistent with the record. Phillips's state appellate court brief opens, "The court abused its discretion by sentencing appellant to two consecutive maximum sentences in violation of R.C. 2929.14(B)(2)(c)" and discusses only state law matters. Br. on Appeal in the Lucas County Sixth District Ct. of Appeals (State Court Record, PageID #: 97) 13–14, Doc #: 9-1. Phillips asserted the same proposition to the Ohio Supreme Court, and, while he mentions in passing the U.S. Supreme Court case *Blakely v. Washington*, 542 U.S. 296 (2004), he again makes only state law arguments. Mem. in Supp. of Jurisdiction (State Court Record, PageID #: 161) 6–7, Doc #: 9-1. Thus, the Ohio Supreme Court did not have the opportunity to rule on Phillips's constitutional claims. As the magistrate judge correctly explained, R & R 25–27, Phillips has raised no effective excuse for this lapse. Ground Two is defaulted.

Phillips second objection is overruled.

**IV. Conclusion**

The Court has reviewed the R & R and carefully considered Turner's and Phillips's respective objections. For the reasons stated above, both Turner's Objection, Doc #: 13, and Phillips's Objection, Doc #: 14, are OVERRULED. R & R, Doc #: 12, is ADOPTED IN FULL.

Accordingly, Petition, Doc #: 1, is DISMISSED IN PART and DENIED IN PART. Specifically, Ground One is DISMISSED as to the manifest-weight claim and DENIED as to the sufficiency of evidence claim; Ground Two is DISMISSED.

IT IS SO ORDERED.

*/s/ Dan A. Polster     May 22, 2017*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**